HARRISON SHALLOW, Plaintiff, *v.* MARKERT MFG. CO., INC., Defendant.

Supreme Court, Onondaga County, January 15. 1941.

*Philip Hillsberg*, for the plaintiff.

*Costello, Cooney & Fearon*, for the defendant.

*Walter C. Bryan, Regional Attorney [Irving Rozen, Senior Attorney*, of counsel], for the Wages and Hours Division of the United States Department of Labor.

CREGG, J. This is a motion to quash a subpœna in the above-entitled action which is brought to recover back wages for over-time. The Wages and Hours Division of the Labor Department of the United States conducted an investigation of the affairs of defendant. The plaintiff now seeks to take advantage of that investigation by compelling the inspector who made the investigation, through subpœna, to testify in this action, and to disclose information which he acquired during such investigation.

Upon the return day of the subpœna the Wages and Hours Division, Labor Department, appeared through Walter C. Bryan, regional attorney, Irving Rozen, senior attorney, of counsel, and moved to quash the subpœna on the following grounds:

1 That the information secured by the inspector is confidential and privileged information because it involves intra-departmental government communications.

2. That it is contrary to public policy to permit inspectors to testify concerning such information in private lawsuits.

3. That such testimony might be prejudicial to the government and would hinder and delay the efficient administration of the " Fair Labor Standards Act of 1938."

4. That the plaintiff himself has access to the defendant's books and records and can secure whatever information he desires by subpœnaing such books and records into court.

I am of the opinion that the information secured by Inspector Irving is of a quasi-confidential nature and, therefore, privileged; that the disclosing of such information might be prejudicial to the government and to the public interest. Then, too, plaintiff herein cannot be prejudiced because he can subpœna the books and officers of the defendant corporation and obtain the information he is now seeking from the witness Irving.

The motion to quash the subpœna is granted.